# EXHIBIT 1



**CONFIDENTIAL**

December 4, 2024

Better Mortgage Company
C/O Paula Tuffin
General Counsel and Chief Compliance Officer
175 Greenwich Street
57th Floor
New York, NY 10007
Ptuffin@better.com

<u>Via Email</u>

RE: **NOTICE TO IMMEDIATELY CEASE AND DESIST THEFT OF TRADE SECRETS AND TO PRESERVE ALL EVIDENCE FOR LUMINATE HOME LOANS, INC. V. BETTER MORTGAGE CO., ET AL.**

Dear Ms. Tuffin:

This firm is counsel for Luminate Home Loans, Inc. ("Luminate") to pursue its claims against Better Mortgage Company ("Better") and certain individual defendants for the company's conspiring with Luminate's employees and former employees to intentionally misappropriate Luminate's trade secrets, interfere with contracts, breach fiduciary duties and wrongfully solicit Luminate employees. Luminate is aware that Better deliberately obtained numerous trade secrets and extensively utilized such protected information for the company's enrichment and to the willful detriment of Luminate. And we know that the highest levels of Better's management were involved. This conduct is expressly prohibited by federal and state law, rendering Better and its numerous coconspirators in this illegal activity liable to Luminate for substantial damages. You must immediately cease and desist these unlawful activities.

Attached is a copy of Luminate's Complaint against Better and some of the individuals involved in this conspiracy, filed on December 2, 2024, in the United States District Court for the Southern District of California, case number 3:24-cv-2251-BAS-MSB. This Complaint details the serious misconduct which you have engaged in and includes numerous exhibits documenting this plot. Better has attempted to effectively steal Luminate's NEO division by engaging many Luminate employees to work on behalf of Better while under Luminate's employment, misappropriate Luminate's trade secrets and confidential information, and solicit other Luminate employees to join Better while all such individuals were officially Luminate employees and obligated to work in the interests of their employer. The Complaint will be formally served on all the Defendants in short order. Moreover, the filing of this Complaint does not limit Luminate's right or intent to include additional defendants in this litigation or to file additional individual lawsuits if corrective action is not taken immediately.

**MITCHELL SANDLER LLC**
2020 K Street, NW
Suite 760
Washington, DC 20006
T. 202.886.5260

mitchellsandler.com

Re: Luminate v. Better, et al.
December 4, 2024
Page 2

Under the circumstances, and given the ongoing nature of the violations detailed, we intend to promptly seek a temporary restraining order from the federal court regarding these issues unless Better and the Individual Defendants agree to a stipulated injunction as follows:

1. Better and the individuals involved in this conspiracy, including but not limited to former or current employees of Luminate, agree for an independent third party to inspect, take a digital picture of, and remove any and all Luminate material from any desktop, laptop, smartphone, tablet computer, external hard drive, or cloud-based storage system in their possession and/or control, including but not limited to iPhones, Androids, Blackberries, CD-ROMs, USB drives, thumb drives, Box folders, Dropbox, Google Drive, etc.

2. Better and the individuals involved in this conspiracy, including but not limited to former or current employees of Luminate, will confirm any and all instances where Luminate's information has been shared, stored, distributed, downloaded, or otherwise accessed and by whom, regardless of any belief they may have for a private right to use such information.

3. Better and the former or current employees of Luminate agree to cease soliciting all Luminate staff to Better or engaging them to work on Better's behalf while Luminate employees.

This letter also serves to provide formal notice to Better, its employees, its coconspirators, including but not limited to the Individual Defendants, and all affiliated entities such as parent companies or subsidiaries, of their obligation to preserve all documents and electronic materials concerning Luminate's claims and this dispute at large. You are required to retain all records potentially relevant regarding this matter. This includes, but is not limited to, internal communications among Better's employees, as well as company memos or other work product, communications between the Parties, whether via personal email, text, telephonic, Teams messages, social media posts or messages, or other forms. It further includes any communications Better, its employees, and its coconspirators, including but not limited to the Individual Defendants, had with any third parties, whether written, electronic, telephonic or otherwise, regarding Better's and the individuals' efforts to obtain Luminate's propriety information or any other information exchanged regarding the NEO division at Luminate, its employees, or Better's creation of an NEO or other retail loan division.

There is a legal obligation to preserve this material, which extends beyond simply refraining from the destruction or disposal of this valuable evidence. You have an affirmative duty to safeguard and preserve all such documents, communications, or other electronically stored information, regardless of the format in which it comes into your possession. You must amend any retention policies and preserve all phones, computers, or other storage devices, to ensure no potentially relevant material is lost. You must inform all employees involved of their preservation requirements and prevent them from deleting potentially relevant material. If you fail to preserve this information or allow its destruction, even through regularly routine procedure, it will constitute spoliation entitling Luminate to judicial relief through sanctions or negative inferences against Better and/or the Individual Defendants, or in subsequent litigations.

Re: Luminate v. Better, et al.
December 4, 2024
Page 3

      Please consider this matter with the utmost urgency. Please confirm by Monday, December 9th at 9:00 am EST whether you agree in principle to the entry of the stipulated order. If we do not hear from you by then, we will move forward with compelling such relief through the federal court.

      Very truly yours,

      */s/ Lucas Markowitz*
      Lucas Markowitz, Esq.
      Mitchell Sandler PLLC
      lmarkowitz@mitchellsandler.com
      2020 K Street NW, Suite 760
      Washington, DC 20006
      202-240-7142