1  Jason E. Murtagh, State Bar No. 294830
   BUCHANAN, INGERSOLL & ROONEY, LLP
2  600 West Broadway, Suite 1100
   San Diego, CA 92101-3387
3  Telephone:  619 346 7592
   Facsimile:  619 702 3898
4
   Attorney for Defendants
5  Daniel Horanyi, Jeanette Lee and Lauren Havins

6

7  Jeremy G. Suiter, State Bar No. 203853
   STRADLING YOCCA CARLSON & RAUTH LLP
8  660 Newport Center Drive, Suite 1600
   Newport Beach, CA 92660-6422
   Telephone: 949 725 4000
9  Facsimile: 949 725 4100

10 Attorney for Defendant Better Mortgage Co.

11
                    **UNITED STATES DISTRICT COURT**
12
                   **SOUTHERN DISTRICT OF CALIFORNIA**
13
                              **SAN DIEGO**
14

15 | LUMINATE HOME LOANS, INC., | CASE NO. 3:24-cv-02251-BAS-MSB |
16 | Plaintiff, | |
17 | vs. | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO EXCEED PAGE LIMITS ON ITS MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
18 | BETTER MORTGAGE CO., DANIEL HORANYI, JEANETTE LEE, & LAUREN HAVINS, | |
19 | | |
20 | Defendants. | |
21 | | |
22 | | Complaint Filed:  December 2, 2024 |

                    MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Daniel Horanyi, Jeanette Lee, and Lauren Havins (collectively, "Individual Defendants") and Better Mortgage Co. ("Better," and collectively with the Individual Defendants, "Defendants") oppose the Ex Parte Application ("Application") of Plaintiff Luminate Home Loans, Inc. ("Plaintiff" or "Luminate"). Plaintiff's Application fails to demonstrate the "good cause" required for the relief sought and exemplifies Luminate's disregard for this Court's rules and procedural fairness.[1]

## II. Plaintiff's Application Demonstrate a Pattern of Non-Compliance with Local Rules

Plaintiff's 46-page Memorandum, filed on December 26, 2024 (ECF No. 4), violated Local Rule 7.1(h)'s explicit 25-page limit. Plaintiff did not seek leave of Court to exceed this limit when filing its brief, nor did Plaintiff ask Defendants to stipulate to additional pages. And Plaintiff's belated request for leave, filed four days later on December 30, 2024 (ECF No. 6), does not cure this defect. Indeed, the timing of Plaintiff's filing, made without declaration and only hours after Defendants told Luminate that they intended to file an ex parte motion to strike that evening, suggests that Plaintiff's filing was a mere afterthought, filed only to retroactively justify Plaintiff's non-compliance and to attempt to dull the effect of Defendants' motion.

Notably, Plaintiff provides no declaration, affidavit, correspondence, or other evidence to support its assertion that exceeding the page limit was necessary or unavoidable. Nor does Plaintiff explain why it failed to request leave at the

---

[1] Defendants' submission does not constitute a waiver of any objections to jurisdiction, venue, or arbitrability. Importantly, Luminate and Lauren Havins have an arbitration agreement that covers all claims in this case. Despite this, Luminate has thus far not agreed to withdraw the claims against her and proceed in arbitration. Ms. Havins reserves the right to seek to compel arbitration.

-1-
MEMORANDUM OF POINTS AND AUTHORITIES

time of filing, as required under Rule 7.1(h).  And despite the unverified throat-clearing in its Application, Plaintiff did not genuinely meet and confer with Defendants before their filing.[2]  Rather, it was Defendants who raised concerns about Plaintiff's violation of the page limit, asked for a meet-and-confer session (as required under the Rules), and informed Plaintiff about their intended ex parte motion to strike.  Luminate's lack of transparency with the Court in its Application, and its refusal to abide by procedural obligations, speak either to carelessness or a calculated disregard for this Court's rules.[3]

### III.  Plaintiff's Assertion of Complexity is Unfounded

Plaintiff's claim that the 46-page Memorandum was necessary due to the "complexity" of the case is a baseless retroactive attempt to justify its failure to comply with Rule 7.1. The legal and factual issues at hand—misappropriation of trade secrets and unfair competition—are not so complex as to necessitate deviating from the Local Rule's page limits. Similar claims are routinely presented within the prescribed limits in this and other courts around the country.

---

[2]     Plaintiff's counsel did not meet and confer with Defendants' counsel to inform them "when and where the motion would be made," as required under Local Rule 83.3(g), nor have they submitted the declaration required under that Rule.  The Court should deny Plaintiff's motion (which seeks an exemption from one Local Rule) on the basis that in doing so, they violated another Local Rule.

[3]     Defendants' counsel have regularly communicated with Plaintiff's out-of-state counsel (Messrs. Markowitz and Rogosa) based on their representations, both to counsel and in their filings, that *pro hac vice* applications were forthcoming. However, despite this action being filed nearly a month ago, on December 2, 2024, Plaintiff's out-of-state counsel have yet to submit any such applications to the Court. Nor has their local counsel participated in a single meet-and-confer in this case.  This relaxed approach to complying with the Court's rules and the Federal Rules of Civil Procedure further exemplifies Plaintiff's disregard for the rules and undermines its credibility in seeking equitable relief from this Court.

The Memorandum is overly lengthy, incorporating a repetitive factual narrative that restates allegations from the Complaint. It is further padded with six exhibits whose relevance Plaintiff fails to integrate or address concisely. The legal arguments are redundant, spread across multiple headings and subheadings, adding unnecessary length without substantive value. Of course, this heavy-handed and disorganized approach (much of which is either misleading or false) will, either inadvertently or by design, impose a substantial burden on Defendants to respond within the pages required by the Rules and in a relatively short period of time over a holiday. And it will burden the Court with combing through flotsam and jetsam that have no bearing on the proper outcome of the underlying motion.

Simply put, Plaintiff's Memorandum is excessive, and its Application to exceed the page limit relies on vague assertions of complexity to obscure its failure to adhere to Rule 7.1. The Court should deny it.

### IV. Plaintiff's "Offer" to Give Defendants More Pages in the Opposition is Not a Practical Remedy for Plaintiff's Violation of Rule 7.1(h)

Plaintiff mistakenly suggests that the appropriate remedy for its violation of Rule 7.1(h) is simply to give Defendants more pages in their opposition. That proposal would not only burden the Court with more paper, it ignores the reality that the gravamen of this dispute involves the straightforward issue of ownership of intellectual property in a transaction that Luminate facilitated for months, but now regrets. There was no reason for Plaintiff to use more than 25 pages to brief that core issue, and its tardy request for a pardon, rather than permission, should be rejected here.

### V. The Timing of Plaintiff's Filings is Unjustifiable and Prejudicial

Plaintiff waited more than two months after the events underlying its claims and more than three weeks after filing its complaint to file this "emergency" motion on December 26, 2024, during the holiday season, and then noticed the

-3-
MEMORANDUM OF POINTS AND AUTHORITIES

hearing on that motion for one month later, on January 27, 2025. Plaintiff provides no explanation for this delay, which undermines the urgency it now claims.

Plaintiff's delay not only raises questions about the legitimacy of its claimed emergency but also unfairly burdens Defendants, who are now forced to respond on an accelerated timeline while adhering to the 25-page limit prescribed by Local Rule 7.1(h). Allowing Plaintiff to sidestep these rules by filing an overlength Memorandum further compounds this prejudice and creates an uneven playing field. This disregard for procedural fairness and strategic delay should not be rewarded by the Court.

## VI. Conclusion

Plaintiff's Application represents a continued pattern of procedural non-compliance and unwarranted requests for leniency. Its failure to follow Local Rule 7.1(h), lack of justification for exceeding the page limit, and attempt to shift blame to Defendants demonstrate a lack of good faith. Defendants respectfully request that this Court (1) deny Plaintiff's Ex Parte Application for Leave to Exceed Page Limits and (2) strike Plaintiff's 46-page Memorandum for failure to comply with Local Rule 7.1(h).

//
//
//
//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | DATED: December 31, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | BUCHANAN, INGERSOLL & ROONEY LLP |
| 4 | | |
| 5 | | By: /s/ Jason E. Murtagh |
| 6 | | Jason E. Murtagh |
| 7 | | Attorney for Defendants Daniel Horanyi, Jeanette Lee and Lauren Havins |
| 8 | | |
| 9 | | STRADLING YOCCA CARLSON & RAUTH LLP |
| 10 | | |
| 11 | | By: /s/ Jeremy G. Suiter |
| 12 | | Jeremy G. Suiter |
| 13 | | Attorney for Defendants Daniel Horanyi, Jeanette Lee and Lauren Havins |

-5-

MEMORANDUM OF POINTS AND AUTHORITIES