# EXHIBIT C

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINATE HOME LOANS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BETTER MORTGAGE CO.,<br>DANIEL HORANYI, JEANETTE<br>LEE, & LAUREN HAVINS,<br><br>Defendants. | Case No.: 3:24-cv-2251-BAS-MSB |

**DECLARATION OF LUCAS MARKOWTIZ IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF**

I, Lucas Markowitz, being of lawful age, declare as follows.

1. I serve as lead counsel on behalf of my firm, Mitchell Sandler LLC, which is retained by Plaintiff Luminate Home Loans, Inc. ("Luminate").

2. Mr. Suiter, counsel for Better, said several things in his declaration that require a response. Dkt. No. 17, pp. 668-670.

3. First, Mr. Suiter suggests that he assured Luminate that Better was preserving and sequestering documents Neo employees stole from Luminate. Mr. Suiter offered to enter into a private agreement to avoid injunction practice. However, Luminate was concerned that a private agreement would not have the necessary controls, transparency, compliance features, and remedies an injunction would carry.

4. I offered Mr. Suiter a compromise: (1) Better continue its efforts to preserve and segregate the subject information; and (2) the Parties negotiate a stipulated injunction to be held in escrow pending a mediation. Only if mediation failed, would Luminate have the right but not the obligation to file the stipulated injunction. Better refused to entertain the idea.

5. Mr. Murtagh, counsel for the Individual Defendants, also makes several assertions in his declaration that require a response. Dkt. No. 14-5, pp. 558-61.

6. Mr. Murtagh suggests that since December 13, 2024, the Individual Defendants have taken steps to preserve and segregate Luminate's information.

7. In fact, the first time I heard that anyone Mr. Murtaugh represents, besides Ms. Sydney Lynn (not a party to this case), was preserving or segregating any of the information in dispute was in Mr. Murtagh's January 10, 2025, declaration.

8. Mr. Murtagh's prior indication about Ms. Lynn's segregation of materials extended only to the flash drive referenced in Plaintiff's Motion for Injunctive Relief. Even with that drive, Plaintiff did not receive certifications regarding its sequestration until the filing of Ms. Lynn's declaration on January 10, 2025, and basic details are still withheld despite repeat requests such as the timeline of its segregation, what discovery vendor has reviewed it, or details of the files contained on it.

9. In none of the emails or calls I had with Mr. Murtagh did he ever suggest the Individual Defendants were undertaking any preservation or segregation efforts. This omission was yet another reason Luminate was forced to file for injunctive relief.

I declare under the penalties of perjury pursuant to 28 U.S. Code § 1746 that the foregoing is true and correct.

*/s/ Lucas Markowitz*
Lucas Markowitz

Executed this 17th Day of January, 2025