Adrienne L. Conrad (SBN 318776)
Kevin B. Hambly (SBN 312426)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, California 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
Adrienne.Conrad@jacksonlewis.com
Kevin.Hambly@jacksonlewis.com

Lucas Markowitz (*admitted PHV*)
lmarkowitz@mitchellsandler.com
Alexander Rogosa (*admitted PHV*)
arogosa@mitchellsandler.com
MITCHELL SANDLER PLLC
2020 K Street NW, Suite 760
Washington, DC 20006
Office: (202) 886-5265

Attorneys for Plaintiff
LUMINATE HOME LOANS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINATE HOME LOANS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BETTER MORTGAGE CO., DANIEL HORANYI, & JEANETTE LEE, <br><br> Defendants. | Case No.: 3:24-cv-2251-BAS-MSB <br><br> **JOINT MOTION TO CONSOLIDATE RELATED CASES AND SET A BRIEFING SCHEDULE** <br><br> Judge: Hon. Cynthia A. Bashant <br> Courtroom: 12B |

Plaintiff Luminate Home Loans, Inc. ("Plaintiff") jointly with Defendants Better Mortgage Co. ("Better"), Daniel Horanyi ("Horanyi"), Jeanette Lee ("Lee"), and Sydney Lynn ("Lynn") (collectively, the "Defendants") (together, the "Parties"), respectfully move this Court, pursuant to Federal Rule of Civil Procedure 42 and Local Civil Rules 7.1 and 7.2, to consolidate the above-captioned matter, *Luminate Home Loans, Inc. v. Better Mortgage Co., et al.*, 3:24-cv-2251-BAS-MSB (the "Better Action"), with a related case pending before this Court, *Luminate Home*

*Loans, Inc. v. Sydney Lynn*, 3:25-cv-2014-JAH-SBC (the "Lynn Action").[1] Further, the Parties jointly move for entry of an agreed upon briefing schedule in the Lynn Action following consolidation.

Consolidation is warranted because both actions involve the same Plaintiff; arise from the same underlying events and operative facts; assert substantially identical legal claims; are at the same early stage of litigation; and involve overlapping counsel. The Parties consent to consolidation and it will serve the interests of judicial economy and efficiency without causing delay or prejudice to any party.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 42 permits a court to consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). District courts have "broad discretion to consolidate actions" pending in the same district. *Pierce v. County of Orange*, 526 F. 3d. 1190, 1203 (9th Cir. 2008); *Investors Research Co. v. U.S. Dist. Court for Central Dist. of Cal.*, 877 F.2d. 777, 777 (9th Cir. 1989) ("The district court has broad discretion under [Rule 42(a)] to consolidate cases pending in the same district."). Courts in this District routinely consolidate cases where, as here, they present the same factual and legal issues, assert the same legal claims, and involve common evidence to support or negate Plaintiff's claims. *Sanchez v. Servis One*, Inc., No. 18CV0586 JM(JMA), 2018 WL 2329717, at *2 (S.D. Cal. May 23, 2018) (granting motion to consolidate); *Colorescience, Inc. v. Bouche*, No. 20CV595-

---

[1] This case was originally filed in the United States District Court for the District of Nevada because Ms. Lynn is a resident of Nevada. Exh. B, Compl. ¶ 2, *Luminate Home Loans, Inc. v. Sydney Lynn*, 3:25-cv-2014-JAH-SBC. Thereafter, the parties filed a stipulation to transfer the Lynn Action to this Court and to consolidate it with the Better Action. (ECF # 7, 25-cv-2014-JAH-SBC). On June 2, 2025, the Court in Nevada granted the parties stipulation to transfer the case, however due to an administrative delay the case did not arrive in this District until August 6, 2025.

[2] The Parties filed a notice of this joint motion to consolidate in *Luminate Home Loans, Inc. v. Sydney Lynn*, 3:25-cv-2014-JAH-SBC.

GPC (AGS), 2020 WL 5747312, at *2 (S.D. Cal. Sept. 25, 2020) (granting motion to consolidate because cases involved overlapping parties, the same facts and legal issues, and common discovery). In determining whether consolidation is appropriate, courts weigh "the interest in judicial convenience against the potential delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003).

# ARGUMENT

The Parties are in agreement that consolidation of these two related cases will enhance judicial efficiency and not cause any delay, confusion, or prejudice.

## I.  The Two Actions Arise from the Same Core Facts and Events.

Both actions arise from the same allegations that Better and former Luminate employees Horanyi, Lee, and Lynn allegedly collaborated to misappropriate Luminate's confidential, proprietary, and trade secret information, transmit it to Better, and unlawfully divert Luminate's retail loan NEO division operations to Better. *Compare* Exh. A (Better Compl.) at p. 2-3, *with* Exh. B (Lynn Compl.), at p. 2. Both actions also will involve similar counterclaim allegations that Luminate and its management violated numerous labor laws regarding the individual defendants, as well as related counterclaims in the Better Action that Luminate and its management committed tortious interference, violations of the California Penal Code, civil conspiracy, and unfair competition. Because these two cases arise from the same core facts and events, they will involve common witnesses, discovery, and evidentiary materials. Proceeding separately would result in duplicative efforts, the potential for inconsistent rulings, and unnecessary burdens on the Parties, witnesses, and the Court.

## II.  The Legal Claims are Substantially Identical.

In addition, both cases assert substantially identical legal claims. In the Lynn Action, Luminate brings claims for breach of contract, breach of fiduciary duty, misappropriation of trade secrets under federal (18 U.S.C. § 1836) and state law, and tortious interference with contractual relations. Exh. B, ¶¶ 67-125. The Better Action

3
**JOINT MOTION TO CONSOLIDATE RELATED CASES AND SET A BRIEFING SCHEDULE**

includes these exact same claims, as well as claims for promissory estoppel, unfair competition, and violation of the Lanham Act. Exh. A, ¶¶ 117-229. Given the overlapping legal claims, the Parties will necessarily rely on common evidence to support or defend against these claims.

### III. The Parties and Counsel Overlap Across Both Actions.

Plaintiff (Luminate) is the same in both cases and is represented by the same counsel in both matters. Likewise, the individual defendants (Horanyi, Lee, and Lynn) in both cases are all represented by the same counsel. Consolidation would therefore streamline the litigation, reduce duplicative filings, and conserve the Parties' resources.

### IV. Both Actions are at Similar Early Procedural Stages.

Neither case has advanced beyond the motion to dismiss stage. In the Better Action, motion to dismiss briefing is underway and is scheduled to conclude by September 26, 2025. The Parties have agreed to a proposed briefing schedule for motions to dismiss in the Lynn Action, and respectfully request that the Court enter it pursuant to the attached proposed order. The briefing schedule in the Lynn action will conclude shortly after the Better Action, synchronizing these two cases. No discovery has commenced in either action. Therefore, consolidating the cases now will allow for coordinated discovery and motion practice, conserving judicial and party resources. Given the cases are both at a similar stage, consolidation will not delay either action.

### V. Consolidation Will Promote Efficiency and Not Cause Any Prejudice or Confusion.

Consolidation will promote judicial economy by avoiding parallel discovery, motion practice, and potential inconsistent rulings. All Parties consent to consolidation, and no party will be prejudiced by proceeding in a consolidated manner. Nor will consolidation result in any confusion; rather, it will reduce it by

bringing all evidence, witnesses, and documents that bear on these common legal claims and defenses into a single proceeding.

## CONCLUSION

Accordingly, the Parties respectfully request that the Court enter an order consolidating Case No. 3:25-cv-2014-JAH-SBC into Case No. 3:24-cv-2251-BAS-MSB for all purposes, including pretrial proceedings and trial. The Parties further request that the Court enter their agreed-upon briefing schedule for the Lynn Action, as set forth in the proposed order attached hereto.

Respectfully submitted this 25th day of August, 2025.

*/s/ Lucas Markowitz*
Lucas Markowitz (*admitted PHV*)
Alexander Rogosa (*admitted PHV*)
MITCHELL SANDLER PLLC
2020 K Street NW, Suite 760
Washington, DC 20006
Office: (202) 886-5265
lmarkowitz@mitchellsandler.com
arogosa@mitchellsandler.com

Adrienne L. Conrad (SBN 318776)
Kevin B. Hambly (SBN 312426)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, California 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
Adrienne.Conrad@jacksonlewis.com
Kevin.Hambly@jacksonlewis.com

*Attorneys for Plaintiff*

*/s/ Jeremy G. Suiter*
Jeremy G. Suiter, State Bar No. 203853
  jsuiter@stradlinglaw.com
Stradling Yocca Carlson & Rauth LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  949-725-4000
*Attorney for Defendant Better Mortgage Co.*

*/s/ Jason E. Murtagh*
Jason E. Murtagh, State Bar No. 294830
jason.murtagh@bipc.com
Buchanan, Ingersoll & Rooney LLP
600 West Broadway, Suite 1100
San Diego, CA 92101-3387
Telephone: 619-346-7592
*Attorney for Defendants Daniel Horanyi, Jeanette Lee, and Sydney Lynn*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court and served on all Counsel of Record via the Court's electronic filing system this 25th day of August, 2025.

/s/ Lucas Markowitz

| | |
|---|---|
| Lucas Markowitz (*admitted PHV*) | Adrienne L. Conrad (SBN 318776) |
| Alexander Rogosa (*admitted PHV*) | Kevin B. Hambly (SBN 312426) |
| MITCHELL SANDLER PLLC | JACKSON LEWIS P.C. |
| 2020 K Street NW, Suite 760 | 225 Broadway, Suite 1800 |
| Washington, DC 20006 | San Diego, California 92101 |
| Office: (202) 886-5265 | Telephone: (619) 573-4900 |
| lmarkowitz@mitchellsandler.com | Facsimile: (619) 573-4901 |
| arogosa@mitchellsandler.com | Adrienne.Conrad@jacksonlewis.com |
| | Kevin.Hambly@jacksonlewis.com |

*ATTORNEYS FOR PLAINTIFF*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINATE HOME LOANS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BETTER MORTGAGE CO., DANIEL HORANYI, AND JEANETTE LEE<br><br>Defendants. | Case No.: 3:24-cv-02251-BAS-MSB<br><br>**ORDER GRANTING JOINT MOTION TO CONSOLIDATE RELATED CASES AND SET A BRIEFING SCHEDULE**<br><br>Complaint Filed:   December 2, 2024<br>Am. Compl. Filed: March 10, 2025 |

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Parties' Joint Motion to Consolidate Related Cases and Set a Briefing Schedule, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**. It is hereby **ORDERED** as follows:

1. *Luminate Home Loans, Inc. v. Sydney Lynn*, Case No. 3:25-cv-2014-JAH-SBC (the "Lynn Action") is hereby consolidated into *Luminate Home Loans, Inc. v. Better Mortgage Co.*, *et al.*, 3:24-cv-2251-BAS-MSB, for all purposes, including pretrial proceedings and trial.

2. The following briefing schedule is entered for the Lynn Action:

    a. Defendant Lynn's motion to dismiss the Complaint and any counterclaims must be filed by September 19, 2025;

    b. Plaintiff Luminate's opposition to Lynn's motion to dismiss the Complaint and its motion to dismiss Defendant Lynn's counterclaims, if any, must be filed by October 10, 2025;

    c. Defendant Lynn's reply in support of motion to dismiss the Complaint and her opposition to motion to dismiss counterclaims, if any, must be filed by October 24, 2025; and

7

d. Plaintiff Luminate's reply in support of its motion to dismiss counterclaims, if any, must be filed by November 7, 2025.

**IT IS SO ORDERED:**

Dated:_____         By: _____
                                  THE HON. CYNTHIA BASHANT
                                  United States District Court Judge